**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5034**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TENNYSON HARRIS, a/k/a Teddy, a/k/a Mark T,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:00-cr-00253-PJM-3)

Submitted:  December 30, 2009      Decided:  January 25, 2010

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Steven M. Dunne, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tennyson Harris appeals the sentence imposed by the district court on remand from this court for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). A jury convicted Harris of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). In this appeal, Harris argues that the district court erred in determining that he was responsible for over 3000 kilograms of marijuana, which resulted in a base offense level of thirty-four pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(3) (2001). Specifically, he asserts that the court's method of averaging the number of drug hauling trips performed by various truck drivers and multiplying that figure by an assumed quantity of marijuana hauled on each trip was not supported by the record.

This court reviews the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). Clear error occurs when the court, upon reviewing the record as a whole, is "'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "If the defendant objects to a quantity

2

recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection." United States v. Williams, 152 F.3d 294, 300-01 (4th Cir. 1998). The Government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1, comment. (n.12). "The district court is afforded broad discretion as to what information to credit in making its calculations." United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996) (internal quotation marks omitted). "Direct or hearsay testimony of lay witnesses . . . can provide sufficiently reliable evidence of quantity. Where witnesses' estimates of drug amounts are uncertain, however, a district court is well advised to sentence at the low end of the range to which the witness testified." United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998) (internal citations omitted).

In arguing that the district court erred in determining drug quantity, Harris relies principally on United States v. Sepulveda, 15 F.3d 1161, 1198 (1st Cir. 1993), in

3

which the district court relied on trial testimony that addressed drug quantities in a general manner. The First Circuit vacated the sentence, holding that "where uncertainty reigns" about the amount of drugs involved in a conspiracy, courts should "err on the side of caution." Id. This court, however, has rejected the holding in Sepulveda in clear language: "we hold that a district court need not 'err,' on the side of caution or otherwise; it must only determine that it was more likely than not that the defendant was responsible for at least the drug quantity attributed to him." United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). Our review of the record convinces us that the district court's methodology was proper and the drug quantity attributed to Harris by the district court was supported by the evidence.

Accordingly, we affirm Harris's sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED